[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR CLARIFICATION OF DECISION #174
On November 9, 1992, defendant filed a motion for clarification of a decision by this court, Dunn. J., on October 26, 1992, granting plaintiff's motion to amend her second amended complaint. The decision by this court was preceded by the following pertinent facts:
On July 14, 1992, plaintiff filed a five-count second amended complaint. A summary of the complaint is as follows:
Count 1: Against South Farms; defendant failed to comply with a DEP pollution abatement order.
Count 2: Against Sisters of Our Lady of the Garden, Inc. and Shirley Shefcyk (adjoining landowners); co-defendants are in the suit to provide South Farms access to their properties for the purpose of complying with the DEP order. CT Page 10919
Count 3: Against Glenn Russo and South Farms; defendants caused pollution of waters and maintained a discharge of wastes in violation of 22a-427 on or about January 26, 1990 in Long Hill Brook and a pond on adjacent property owned by Sisters of Our Lady of the Garden, Inc.
Count 4: Against Glenn Russo and South Farms; defendants caused pollution of waters and maintained a discharge of wastes in violation of 22a-427 on or about May 11, 1990 and May 21, 1990 in Long Hill Brook.
Count 5: Against Glenn Russo; defendant conducted regulated activities affecting watercourses without a permit or beyond the scope of Permit No. 87-26 in violation of22a-42a(c) and RCSA 22-39-4.1.
On August 21, 1992, plaintiff filed a "Request for Leave to Amend." On September 2, 1992, defendants filed an objection in response. There was no ruling on the request.
On September 3, 1992, plaintiff filed a "Motion for Permission to Amend Complaint and to Cite in Party Defendant." The motion was withdrawn on September 4, 1992.
On September 4, 1992, plaintiff filed a new "Motion for Permission to Amend Complaint and to Cite in Party Defendant." Plaintiff sought to cite in United Construction, Inc., the general contractor for South Farms, and to file a third amended complaint with the following differences from the second amended complaint:
Count 1: Same.
Count 2: Same.
Count 3: Add United Construction as a defendant.
Count 4: Add United Construction as a defendant.
Count 5: Add United Construction as a defendant.
 Add Count 6: Against Glenn Russo; South Farms and United Construction: defendants caused pollution of waters and maintained a discharge of wastes in CT Page 10920 violation of 22-427 on or about August 24, 1989 and November 30, 1989 in Long Hill Brook.
On September 18, 1992, defendants filed an objection in response.
On September 21, 1992, this court, Dunn, J., granted the motion to cite in and denied the motion to amend.
On October 6, 1992, plaintiff filed a "Motion to Reconsider Request to Amend Complaint" on the ground that the court's denial of the motion to amend was inherently inconsistent with the granting of the motion to cite in United Construction. On October 26, 1992, this court, Dunn, J., granted plaintiff's request to amend complaint.
On November 9, 1992, defendants filed the instant "Motion for Clarification of Decision." Defendants argue in their supporting memorandum that plaintiff's third amended complaint is of such a different nature from the predecessor that it should not be permitted. Specifically, defendants contend that plaintiff's third amended complaint requested civil penalties for a period in excess of one thousand days, while plaintiff's first amended complaint concerns only a period of three days.
Although defendants' comparison of plaintiff's first and third amended complains may be correct, plaintiff seeks to amend her second amended complaint, not the first amended complaint, which is no longer before the court. The civil penalties sought by the third amended complaint are identical to the penalties sought by the second amended complaint, with the exception that United Construction has been added, where appropriate. Thus, defendants' reasoning for opposing plaintiff's third amended complaint is erroneous and unavailing.
Accordingly, this court's ruling permitting plaintiff to cite in United Construction and its separate, changed ruling permitting plaintiff to amend her second amended complaint, should be regarded as if the court had originally granted in full plaintiff's "Motion for Permission to Amend Complaint and to Cite in Party Defendant."
PHILIP R. DUNN, J. CT Page 10921